UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH, 11166 Fairfax Blvd., Suite 500 #1076 Fairfax, VA 22030<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW Washington, DC 20530<br><br>*Defendant.* | Civil Action No.: 24-2462 |

# COMPLAINT

1. Plaintiff Empower Oversight Whistleblowers & Research (hereinafter, "Empower Oversight") brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The records Empower Oversight seeks concern a matter of significant public interest. Indeed, the requested records are likely to show a startling failure by DOJ to respect the long-established separation of powers in the United States Constitution.

3. These records will show the lengths to which DOJ went starting in 2016 to secretly surveil various congressional staff members (of both political parties) who

were actively engaged in oversight of DOJ pursuant to their constitutional authorities.

4. That surveillance is undisputed, as various third-party technology companies have alerted current and former congressional staff members that the companies received subpoenas for the staffers' communications records, along with non-disclosure orders (NDOs) that prevented the companies from notifying the staff members.

5. Considering the significant constitutional issues posed by such brazen retaliation against staff members who were performing oversight of DOJ, the public has a deep interest in learning more about these abuses. That is why Empower Oversight submitted five FOIA requests to DOJ for records about such surveillance. Additionally, Empower Oversight initiated a separate civil action in the U.S. District Court for the District of Columbia seeking to intervene in the underlying subpoena matter and to unseal various motions DOJ submitted when requesting that the Court issue NDOs. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. § 2705(b)*, No. 24-mc-0058-JEB (D.D.C.).

6. To date, DOJ has failed to produce *any* requested records to Empower Oversight, thereby depriving the public of these important records.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

8. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff Empower Oversight is a nonprofit, nonpartisan educational organization dedicated to enhancing independent oversight of government and corporate wrongdoing. Empower Oversight works to help insiders safely and legally report waste, fraud, abuse, corruption, and misconduct to the proper authorities, as well as work to hold authorities accountable to act on such reports. Empower Oversight has its principal place of business located in Fairfax, Virginia, and it submitted the FOIA Requests described herein to DOJ.

10. DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and it has possession and control of the records Empower Oversight seeks. Additionally, the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (DAG), the Office of the Associate Attorney General (AAG), the Office of Public Affairs (OPA), the Executive Office of U.S. Attorneys (EOUSA), the National Security Division (NSD), and the U.S. Attorney's Office for the District of Columbia are each offices or subcomponents of DOJ that have the records Empower Oversight seeks.

## BACKGROUND

11. On October 19, 2023, Empower Oversight's founder, Jason Foster, received a notification that DOJ had served a subpoena on Google in 2017 for records of a Google email address and two Google Voice telephone numbers connected to Mr. Foster's family's telephones and his official work phone at the U.S. Senate. At the time, in 2017, Mr. Foster was Chief Investigative Counsel to the U.S. Senate Judiciary Committee, and he was responsible for directing congressional oversight investigations into waste, fraud, abuse and misconduct at DOJ.

12. Although Google received this subpoena in 2017, it was unable to notify Mr. Foster about the subpoenas until 2023, because DOJ also sought and received several NDOs related to the subpoena.

13. After receiving the notice from Google, Mr. Foster learned that several of the other accounts listed in the subpoena belonged to other staffers, both Republicans and Democrats, for U.S. House and Senate committees also engaged in oversight of DOJ.

14. Despite the obvious and serious separation-of-powers issues raised by such subpoenas, DOJ did not provide any of this background to Google when it served the subpoena.

15. Considering the breadth of the subpoena, it resulted in a serious invasion of privacy, put at risk various privileged communications, and compelled Google to provide DOJ information that would easily enable DOJ to identify

confidential whistleblowers who were providing Congress with information about government misconduct.

16. To better understand DOJ's surveillance of congressional staff members who were engaged in oversight, Empower Oversight submitted five FOIA requests for records from DOJ.

**Request Number 1**

17. On October 24, 2023, Empower Oversight submitted a FOIA request to DOJ seeking seven categories of records (*see* Ex. A at 3–4):

    (1) All documents or communications referencing U.S. District Court for the District of Columbia grand jury subpoena number GJ2017091241939.

    (2) All grand jury subpoenas issued in relation to the same investigation as U.S. District Court for the District of Columbia grand jury subpoena number GJ2017091241939.

    (3) All documents in U.S. Attorney's Office for the District of Columbia file number 2017R01896.

    (4) All communications discussing or referencing U.S. Attorney's Office for the District of Columbia file number 2017R01896.

    (5) All communications exchanged between members of the press and DAG Rosenstein, Robert Hur, Edward O'Callaghan, Sarah Isgur, aka Sarah Isgur Flores, and/or Jessie Liu for the period from December 1, 2016 to September 26, 2017, regarding (a) communications between Michael Flynn and Sergey Kislyak, (b) Carter Page, (c) Joe Pientka, (d) Bill Priestap, (e) congressional oversight requests, (f) Senator Charles Grassley, (g) Jason Foster, and/or (h) the Crossfire Hurricane investigation.

    (6) All grand jury subpoenas issued for personal communications of DAG Rosenstein, Robert Hur, Edward

    O'Callaghan, and/or Jessie Liu between May 1, 2017 and May 1, 2018.

  (7) All communications exchanged between the U.S. Attorney's Office for the District of Columbia, the National Security Division, the Deputy Attorney General's Office and/or the FBI and Verizon between March 15, 2016, and the present regarding obtaining communications data associated with devices that Verizon serviced for U.S. House Representatives or U.S. Senate.

18. Empower Oversight directed this request to OAG, DAG, AAG, OPA, EOUSA, and the U.S. Attorney's Office for the District of Columbia. *See id.* at 1, 3–4.

19. On October 26, 2023, DOJ sent Empower Oversight a letter acknowledging receipt of the FOIA request and assigning it tracking number EMRUFOIA102423-1. *See* Ex. B.

20. On October 30, 2023, EOUSA sent Empower Oversight an email acknowledging receipt of the FOIA request and assigning it tracking number EOUSA-2024-000212. *See* Ex. C. This letter did not provide any information beyond an acknowledgment of receipt. *Id.*

21. On December 14, 2023, DOJ's Office of Information Policy (OIP) sent Empower Oversight a letter acknowledging receipt of the FOIA request and assigning it tracking number FOIA-2023-00200. *See* Ex. D. In this letter, OIP stated that the request fell "within 'unusual circumstances,'" and it stated that DOJ would need additional time to respond. *Id.* at 1.

22. Since then, Empower Oversight has not received any further communications or records from DOJ in response to Request No. 1.

**Request Number 2.**

23. On October 30, 2023, Empower Oversight submitted a FOIA request to EOUSA seeking several categories of records (*see* Ex. E at 3–5):

> (1) Any and all court orders prohibiting Google from notifying Mr. Foster, or any Legislative Branch authorities, of the subpoena at Exhibit A.
>
> (2) Any and all filings seeking to obtain or extend any such order identified in request #1 and all communications about any such filings.
>
> **For the period September 1, 2017 through October 3, 2017:**
>
> (3) All of AUSA Chawla's communications, calendar entries, and notes of meetings, phone calls, or messages.
>
> **For the period October 16, 2023 through November 3, 2023:**
>
> (4) All of AUSA Chawla's communications, calendar entries, and notes of meetings, phone calls, or messages.
>
> **For the period December 1, 2016 through December 31, 2017:**
>
> (5) All of AUSA Chawla's communications and notes of meetings, phone calls, or messages with the FBI regarding the following topics:
>
>   a. Senator Grassley,
>   b. the Senate Judiciary Committee,
>   c. Jason Foster,
>   d. Jason Foster's communications records,
>   e. other Senate Judiciary staff (names to facilitate searches upon request), or
>   f. other Senate Judiciary staff's communications records.
>
> (6) All of AUSA Chawla's communications and notes of meetings, phone calls, or messages with the FBI regarding the following topics:
>
>   a. other Senators or Members of the House of Representatives,

      b. other Senate or House committees,
      c. attorneys or staff for Senators, Members, or committees (names to facilitate searches upon request), or
      d. the communications records of Senators, Members, committees, or their attorneys or staff.

(7) All of AUSA Chawla's communications and notes of meetings, phone calls, or messages with Google, Apple, Verizon, AT&T, or Microsoft regarding the following topics:

      a. Senator Grassley,
      b. the Senate Judiciary Committee,
      c. Jason Foster,
      d. Jason Foster's communications records,
      e. other Senate Judiciary staff (names to facilitate searches upon request), or
      f. other Senate Judiciary staff's communications records.

(8) All of AUSA Chawla's communications and notes of meetings, phone calls, or messages with Google, Apple, Verizon, AT&T, or Microsoft regarding the following topics:

      a. other Senators or Members of the House of Representatives,
      b. other Senate or House committees,
      c. attorneys or staff for Senators, Members, or committees (names to facilitate searches upon request), or
      d. the communications records of Senators, Members, committees, or their attorneys or staff.

(9) All of Acting U.S. Attorney Phillips's communications discussing any of the following topics:

      a. Senator Grassley,
      b. the Senate Judiciary Committee,
      c. Jason Foster,
      d. Jason Foster's communications records,
      e. other Senate Judiciary staff (names to facilitate searches upon request), or
      f. other Senate Judiciary staff's communications records.
      g. other Senators or Members of the House of Representatives,
      h. other Senate or House committees,
      i. attorneys or staff for Senators, Members, or committees (names to facilitate searches upon request), or

      j.   the communications records of Senators, Members, committees, or their attorneys or staff.

(10)   All communications between then-Acting U.S. Attorney Phillips and the press or DOJ public affairs personnel.

(11)   All communications between AUSA Chawla and the press or DOJ public affairs personnel.

(12)   All calendar entries for then-Acting U.S. Attorney Phillips.

24.    On November 2, 2023, DOJ sent Empower Oversight a letter acknowledging receipt of this request and assigning it tracking number EMRUFOIA103123-2. *See* Ex. F.

25.    Since then, Empower Oversight has not received any further communications or records from DOJ in response to Request No. 2.[1]

**Request Number 3**

26.    On November 30, 2023, Empower Oversight submitted a FOIA request to EOUSA and the U.S. Attorney's Office for the District of Columbia seeking several categories of records (*see* Ex. G at 4):

(1)   Any and all applications for court orders under 18 U.S.C. § 2705(b) prohibiting Google from notifying anyone of the subpoena at Exhibit A. For reference, the orders DOJ obtained are included as Exhibit C.

(2)   All communications, calendar entries, and notes of meetings, phone calls, or messages of AUSA Tejpal Chawla, AUSA Jocelyn Ballantine, and/or Special AUSA Laura Ingersoll discussing subpoena number GJ2017091241939, USAO investigation number 2017R01896, congressional Members or staff whose accounts were targeted in the subpoena, Jason Foster,

---

[1] For the purposes of Request No. 2, Empower Oversight excludes from this civil action any claims related to parts 3 or 4 of the Request. *See* Ex. E at 3–4.

9

and/or the investigation for which subpoena number GJ2017091241939 was issued for the following periods:

    a.    August 31, 2017 through September 17, 2017;
    b.    August 9, 2018 through August 28, 2018;
    c.    August 2, 2019 through August 22, 2019;
    d.    August 20, 2020 through September 8, 2020; and
    e.    August 12, 2021 through September 1, 2021.

27. On December 1, 2023, DOJ sent a letter to Empower Oversight acknowledging receipt of the request and assigning it tracking number EMRUFOIA113023-2. *See* Ex. H.

28. Since then, Empower Oversight has not received any further communications or records from DOJ in response to Request No. 3.

**Request Number 4**

29. On December 7, 2023, Empower Oversight submitted a FOIA request to EOUSA and the U.S. Attorney's Office for the District of Columbia seeking several categories of records (*see* Ex. I at 3):

    (1)    All legal process issued by the U.S. Attorney's Office for the District of Columbia pursuant to 5 U.S.C. § 2703 for the period from September 1, 2017 through September 30, 2017.

    (2)    The following records associated with all nondisclosure orders issued under 5 U.S.C. § 2705(b) for the period from September 1, 2017 through September 30, 2017, pursuant to an application by the U.S. Attorney's Office for the District of Columbia:

        a.    The underlying legal process (warrant, subpoena, or court order) whose nondisclosure was ordered,
        b.    All prior and/or subsequent nondisclosure orders issued under 5 U.S.C. § 2705(b) ordering the nondisclosure of the same legal process,

      c.      All applications for the nondisclosure orders issued during the requested period and all applications for prior and/or subsequent nondisclosure orders ordering the nondisclosure of the same legal process[.]

30. On December 7, 2023, DOJ sent Empower Oversight a letter acknowledging receipt of the request and assigning it tracking number EMRUFOIA120723. *See* Ex. J.

31. Since then, Empower Oversight has not received any further communications or records from DOJ in response to Request No. 4.

**Request Number 5**

32. On June 20, 2024, Empower Oversight submitted a FOIA request to EOUSA and NSD seeking several categories of records (*see* Ex. K at 5–6):

    (1)    All communications, notes of meetings, and messages of AUSA Tejpal Chawla, from March 4, 2024 through March 5, 2024;

    (2)    All communications, notes of meetings, and messages of AUSA Tejpal Chawla from March 6, 2024, to the present, discussing:

        a.    Empower Oversight;
        b.    Empower Oversight's referenced May 2, 2024, Motion to Unseal and Intervene;
        c.    Subpoena number GJ2017091241939;
        d.    USAO investigation number 2017R01896;
        e.    Any member of Congress;
        f.    Any staffer of a member of Congress;
        g.    Jason Foster;
        h.    Any of the four other referenced Empower Oversight FOIA requests; and/or
        i.    The investigation for which subpoena number GJ2017091241939 was issued.

(3) All communications, notes of meetings, and messages of Gregg Maisel of the U.S. Attorney's Office for the District of Columbia on May 15, 2024.

(4) All communications, notes of meetings, and messages of Gregg Maisel of the U.S. Attorney's Office for the District of Columbia from May 16, 2024, to the present, discussing:

    a. Empower Oversight;
    b. Empower Oversight's referenced May 2, 2024, Motion to Unseal and Intervene;
    c. Subpoena number GJ2017091241939;
    d. USAO investigation number 2017R01896;
    e. Any member of Congress;
    f. Any staffer of a member of Congress;
    g. Jason Foster;
    h. Any of the four other referenced Empower Oversight FOIA requests; and/or
    i. The investigation for which subpoena number GJ2017091241939 was issued.

(5) All communications, notes of meetings, and messages of Jennifer Gellie of DOJ's National Security Division on May 15, 2024.

(6) All communications, notes of meetings, and messages of Jennifer Gellie of DOJ's National Security Division from May 16, 2024, to the present, discussing:

    a. Empower Oversight;
    b. Empower Oversight's referenced May 2, 2024, Motion to Unseal and Intervene;
    c. Subpoena number GJ2017091241939;
    d. USAO investigation number 2017R01896;
    e. Any member of Congress;
    f. Any staffer of a member of Congress;
    g. Jason Foster;
    h. Any of the four other referenced Empower Oversight FOIA requests; and/or
    i. The investigation for which subpoena number GJ2017091241939 was issued.

33. On June 21, 2024, DOJ sent Empower Oversight a letter acknowledging receipt of the request and assigning it tracking number EMRUFOIA062024. *See* Ex. L.

34. On July 5, 2024, NSD sent Empower Oversight a letter acknowledging receipt of the request and assigning it tracking number FOIA/PA 24-434. *See* Ex. M. In that response, NSD also stated that it was only processing subparts 5 and 6 of the request, contending that EOUSA would be responsible for responding to the other subparts. *See id.* at 1. Regarding subpart 6, NSD also requested clarification or further explanation. *See id.*

35. On August 19, 2024, Empower Oversight sent an email to NSD explaining that Empower Oversight did not agree that any further clarification or explanation was necessary for subpart 6 of the request. *See* Ex. N.

36. On August 12, 2024, EOUSA sent Empower Oversight a letter acknowledging receipt of the request and assigning it tracking number EOUSA-2024-002840. *See* Ex. O.

37. Since then, Empower Oversight has not received any further communications or records from DOJ in response to Request No. 5.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552

38. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

39. DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

40. By letters dated October 24, 30, November 30, 2023, December 7, 2023, and June 20, 2024, Empower Oversight submitted five FOIA requests to DOJ. *See* Exs. A, E, G, I, K.

41. Those requests reasonably described all requested records and complied with all applicable statutes and regulations.

42. DOJ failed to respond to any of those requests by conducting a search reasonably calculated to locate responsive records, as FOIA requires. *See Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

43. And the requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

44. DOJ has also failed to respond to Empower Oversight's requests within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

45. Accordingly, Empower Oversight has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

46. By failing to release all responsive, non-exempt records, DOJ has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Empower Oversight respectfully requests that this Court:

i. Declare that the records sought by the requests, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii. Order DOJ to conduct legally sufficient searches immediately for all records responsive to Empower Oversight's FOIA requests and demonstrate that the search methods were reasonably likely to lead to the discovery of responsive records.

iii. Order DOJ to produce by a date certain all non-exempt records responsive to Empower Oversight's FOIA requests.

iv. Award Empower Oversight attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant Empower Oversight such other and further relief as this Court deems proper.

August 27, 2024                                        Respectfully submitted,

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel.: (202) 787-1060
Email: bfield@schaerr-jaffe.com

*Counsel for Plaintiff*