UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 24-2462 (DLF) |

# JOINT STATUS REPORT

In accordance with the Court's April 1, 2025 Minute Order, the parties respectfully submit the following Joint Status Report in this Freedom of Information Act ("FOIA") matter:

1. Plaintiff initiated this FOIA litigation on August 29, 2024, seeking relief in connection with five FOIA requests submitted to the Department of Justice ("Department"). *See generally* Compl. ¶¶ 17–37. Defendant filed its answer on November 5, 2024. ECF No. 10.

2. Defendant reports that Plaintiff's FOIA requests were directed to or are being processed by three of the Department's components: the Executive Office of United States Attorneys ("EOUSA"); the Office of Information Policy ("OIP"), and the National Security Division ("NSD").

3. EOUSA reports that, since the last Joint Status Report, it issued its final determination to Plaintiff on May 1, 2025.

4. OIP previously reported that with respect to Parts 1-4 and 6 of Plaintiff's Request No. 1, OIP understands that these portions are seeking EOUSA records. *See* Dec. 18, 2024 Joint Status Report (ECF No. 12). In an abundance of caution, OIP searched for records potentially

1

responsive to Parts 1 and 4 of Plaintiff's request. Additionally, OIP updated its search for Part 7 to reflect narrowing discussions with Plaintiff's counsel. OIP next conducted a responsiveness review and sent consultations to other Executive Branch entities. Since the last Joint Status Report, OIP provided a final response to Plaintiff on April 4, 2025. Concerning Part 1 of the request, OIP explained that no records responsive to the request were located. Concerning Part 4, OIP informed Plaintiff that 139 pages were referred to EOUSA for processing and direct response to Plaintiff. Concerning Part 5, OIP explained that 111 pages containing responsive records were located. OIP initiated the consultation process for these 111 pages on March 13, 2025. This consultation process was completed on April 1, 2025 and on April 4, 2025 OIP provided all 111 pages to Plaintiff with certain information withheld pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6). Finally, concerning Part 7 of the request, OIP explained that no records responsive to the request were located. Thus, OIP's response to the FOIA request is now complete.

5. In the last Joint Status Report, Plaintiff observed that OIP sent consultations and averred that "[t]o the extent OIP has any records that were not included in those transmissions, a Court order is necessary to avoid further delay." *See* March 31, 2025, Joint Status Report (ECF No. 15) at ¶ 8. OIP did not have an opportunity to respond to Plaintiff's concern before that report was filed or before the Court issued its April 1, 2025 Minute Order. Thus, OIP now clarifies that as of the March 31, 2025, all 111 pages of outstanding materials were the subject of consultations and therefore were not available for release at the time.

6. NSD previously reported that with respect to Parts 1–4 of Request No. 5, NSD's acknowledgment letter informed Plaintiff that those portions of the request are directed to EOUSA, and that NSD's search is limited to Parts 5 and 6. Regarding Part 5, after discussing with partner offices and further responsiveness review, NSD continues the processing of approximately 120

potentially responsive records. NSD continues consulting with partner offices regarding the potentially responsive records for Part 5. Regarding Part 6, NSD has sent all the necessary interagency consultations. While NSD has informed the offices receiving consultations that this matter is in litigation, NSD is unable to control when these consultations will be returned. NSD will provide interim responses as consultations are returned and processing is completed for those returned portions.

7. As NSD's processing of potentially responsive records is ongoing, Defendant proposes to file a further Joint Status Report in approximately sixty days, no later than August 1, 2025.

8. Plaintiff reiterates its request that the Court order Defendant to process at least 500 pages per month, releasing all responsive, non-exempt records on a monthly basis. Plaintiff made this same request two previous times. After the first request (ECF No. 14), the Court responded by stating that it "declines to impose firm deadlines," "[a]t least at this time." Min. Order (Feb. 21, 2025). After the second request (ECF No. 15), the Court ordered EOUSA and OIP to complete their processing by May 1, 2025, and NSD to "endeavor to complete the processing and interagency consultations" by "June 2, 2025[.]" Min. Order (Apr. 1, 2025). As to NSD, however, very little has been accomplished in the two months since the Court's Order. For Part 5, NSD reports that it "continues consulting with partner offices." And, for Part 6, it appears that the only thing NSD accomplished in the past two months is "sen[ding] all the necessary interagency consultations." That falls far short of completing or even "endeavor[ing] to complete the processing and interagency consultations." Accordingly, Plaintiff requests that the Court enter the accompanying proposed order.

Dated: June 2, 2025                                          Respectfully submitted,

                                                                         JEANINE FERRIS PIRRO
                                                                         United States Attorney

*/s/ Brian J. Field*
Brian J. Field, D.C. Bar #958877
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900                                    */s/ Tabitha Bartholomew*
Washington, DC 20006                                         TABITHA BARTHOLOMEW,
Phone: (202) 787-1060                                          D.C. Bar # 1044448
Email: bfield@schaerr-jaffe.com                              Assistant United States Attorney
                                                             601 D Street, N.W.
*Counsel for Plaintiff*                                      Washington, D.C. 20530
                                                             (202) 252-2529
                                                             Tabitha.Bartholomew@usdoj.gov

                                                                       *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2462 (DLF) |

**[DEFENDANT'S PROPOSED] ORDER**

Upon review of the parties' June 2, 2025 Joint Status Report, it is hereby

ORDERED that the parties shall file a Joint Status Report no later than August 1, 2025, to apprise the Court of the status of Defendant's processing of Plaintiff's FOIA requests.

SO ORDERED.

Date: _____          _____
                                        DABNEY L. FRIEDRICH
                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMPOWER OVERSIGHT WHISTLEBLOWERS & RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2462 (DLF) |

## **[PLAINTIFF'S PROPOSED] ORDER**

Upon review of the parties' June 2, 2025 Joint Status Report, it is hereby

ORDERED that Defendant shall process at least 500 pages per month, starting in June 2025, and shall issue all responsive, non-exempt records processed in a given month to Plaintiff by the last business day of that month. To the extent there are fewer than 500 pages ready for processing in any given month, Defendant shall process all pages that are ready for processing that month; and it is

FURTHER ORDERED that the parties shall file another joint status report by July 2, 2025.

SO ORDERED.

Date: _____    _____
DABNEY L. FRIEDRICH
United States District Judge